IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BANILLA GAMES, INC., and GROVER GAMING, INC., Plaintiffs, | ) | |
| v. | ) | 1:24-cv-358 |
| FUEL SMART 6 INC., FUEL SMART 9 INC., and FUEL SMART 13 INC., Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Before this court is Plaintiffs' Motion for Preliminary Injunction, (Doc. 2), and Plaintiffs' Motion for Default Judgment, (Doc. 15). For the reasons stated herein, Plaintiffs' Motion for Preliminary Injunction will be denied and Plaintiffs' Motion for Default Judgment will be granted.

## I. PROCEDURAL HISTORY

On June 5, 2024, the Clerk entered default as to Defendants Fuel Smart 6 Inc., Fuel Smart 9 Inc., and Fuel Smart 13 Inc., (Defendants) for failing to appear, plead, or otherwise defend this action. (Doc. 14.) Plaintiffs Banilla Games, Inc. and Grover Gaming, Inc. now move for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 15.) Defendants did not respond and the motion is fully briefed. This court finds a hearing is

not necessary. For the reasons set forth herein, the motion for default judgment will be granted. The motion for preliminary injunction will be denied as moot.

## II. ANAYLYSIS

### A. Jurisdiction

"Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). "The party moving for default judgment must still show that the defaulted party was properly served . . . ." Harris v. Blue Ridge Health Servs., Inc., 388 F. Supp. 3d 633, 637–38 (M.D.N.C. 2019) (citing Md. State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996)).

Plaintiff Banilla Games, Inc. ("Banilla") and Plaintiff Grover Gaming, Inc. ("Grover") are corporations organized under the laws of the State of North Carolina with principal places of business in Greenville, North Carolina. (Doc. 1 ¶¶ 11, 12.) Defendants are all North Carolina corporations. (Id. ¶¶ 13, 14, 15.) Fuel Smart 6 has a principal location in Ellerbe, North Carolina, Fuel Smart 9 has a principal location in Robbins, North Carolina, and Fuel Smart 13 has a principal location in Liberty, North Carolina. (Id.)

The summons and complaint were served on Defendants on May 8, 2024. (Docs. 9, 10, 11.) Defendants failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service. The Clerk entered default against Defendants on June 5, 2024. (Doc. 14.)

In their complaint, Plaintiffs assert the following claims. Grover asserts claims of copyright infringement and contributory copyright infringement arising under 17 U.S.C. §§ 101 et seq., (Doc. 1 ¶¶ 71-87), a claim of misappropriation of trade secrets arising under 18 U.S.C. § 1836(b), (id. ¶¶ 113-120), and a claim under the North Carolina Trade Secrets Protection Act, (id. ¶¶ 121-134). Grover and Banilla assert a claim of false designation of origin and unfair methods of competition, arising under 15 U.S.C. § 1125, (id. ¶¶ 88-96), a claim of unfair and deceptive acts or practices under North Carolina law, (id. ¶¶ 97-104), and a claim of common law trademark infringement, (id. ¶¶ 105-112).

Plaintiffs only seek default judgment as to the claims for copyright infringement. (See generally Doc. 16.) This court has subject matter jurisdiction under 28 U.S.C. § 1331, because these civil claims arise under the laws of the United States, and under 28 U.S.C. § 1338, because these claims arise under the federal copyright laws.

**B. Default Judgment**

Generally, if a defendant fails to plead or otherwise defend an action, this court has the discretion to enter default judgment as to that defendant. Fed. R. Civ. P. 55; see Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001, 1002 (E.D. Va. 1985). "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). "Therefore, in determining whether to enter default judgment, the Court may exercise its discretion by considering many factors from the record." Id. "Although the clear policy of the [Federal] Rules [of Civil Procedure] is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (internal citations omitted). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). "However, the defendant is not deemed to have admitted

conclusions of law . . . .” Id. The court must still decide whether the “unchallenged factual allegations constitute a legitimate cause of action,” Agora Fin., LLC v. Samler, 725 F. Supp. 2d 491, 494 (D. Md. 2010); see Romenski, 845 F. Supp. 2d at 705 (default judgment is proper when “the well-pleaded allegations in the complaint support the relief sought”). Because Defendants have not responded, the well-pleaded facts in the Verified Complaint are adopted and will not be set forth herein except as necessary to this court’s specific findings.

In Plaintiffs’ Motion for Default Judgment, Grover, as the holder of the copyright, (Doc. 1 ¶ 5), and Banilla, as the exclusive distributor of those copyrighted products, (id. ¶ 3), seek judgment against Defendants for damages pursuant to 17 U.S.C. § 504(c)(2) for Defendants’ “unauthorized and willful use of Grover’s Copyrighted Works.” (See Doc. 15 at 1-2.) The Copyrighted Works are defined in the Complaint as copyright registrations for the following computer files and audiovisual effects:

> Number PA0002206908, obtained on October 11, 2019, for Grover’s “Fusion” video game (the “**Fusion Copyrighted Work**”).
>
> Number PA0002218349, obtained on October 11, 2019, for Grover’s “Fusion 2” video game (the “**Fusion 2 Copyrighted Work**”).

Number PA0002218347, obtained on October 11, 2019, for Grover's "Fusion 3" video game (the "**Fusion 3 Copyrighted Work**").

Number PA0002293309, obtained on May 24, 2021, for Grover's "Fusion 4" video game (the "**Fusion 4 Copyrighted Work**").

Number PAu004088597, obtained on May 24, 2021, for Grover's "Fusion 5" video game (the "**Fusion 5 Copyrighted Work**").

Number PA0002368424, obtained on July 19, 2022, for Grover's "Fusion Link" video game (the "**Fusion Link Copyrighted Work**").

(Doc. 1 ¶ 22.) For purposes of the motion for default judgment, Plaintiffs rely primarily upon Number PA0002293309, obtained on May 24, 2021, for Grover's "Fusion 4" video game. (See Doc. 16 at 7.)

In addition to the requested damages, Plaintiffs also seek related injunctive relief and attorney's fees. (Doc. 15 at 1-2.)

Although both Plaintiffs appear entitled to injunctive relief and attorney's fees, it is not clear to this court that both Plaintiffs are entitled to an award of damages under 17 U.S.C. § 504(c)(2) as argued in the motion. (See Doc. 15 at 1.) The First and Second Claims for Relief, which allege Copyright Infringement under the Copyright Act are asserted only by Grover and not Banilla. (See Doc. 1 ¶¶ 71-87.) This court finds that an award of damages under this motion for default judgment is limited to Grover, owner of the relevant copyrights.

> Copyright infringement requires proof of two elements: "a plaintiff must prove [i] that it owned a valid copyright and [ii] that the defendant copied the original elements of that copyright." Bldg. Graphics, Inc. v. Lennar Corp., 708 F.3d 573, 578 (4th Cir. 2013) (quoting Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 801 (4th Cir. 2001) (emphasis added)). With respect to the first step of the inquiry, a certificate of copyright registration "constitutes[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).

Humphreys & Partners Architects, L.P. v. Lessard Design, Inc., 43 F. Supp. 3d 644, 658 (E.D. Va. 2014), aff'd, 790 F.3d 532 (4th Cir. 2015), as amended (June 24, 2015). Plaintiff Grover has presented undisputed evidence that it owns the Copyrighted Work, (see Doc. 1 ¶ 22), as reflected in the Certificate of Registration, (Doc. 1-3). In the default judgment process, factual allegations contained in a complaint are deemed admitted. Additionally, Plaintiffs' Complaint is verified by Garrett Blackwelder, President of Banilla Games, Inc. and Grover Gaming, Inc. (See Doc. 1 at 29.)

A verified complaint "is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted). Although before this court is a motion for entry of default judgment, this court finds Plaintiffs' Verified Complaint to be "equivalent to an affidavit." See STL Emirates

Logistics, LLC v. Tamerlane Glob. Servs., Inc., No. 2:14CV51, 2014 WL 12660119, at *3 n.3 (E.D. Va. Dec. 11, 2014).

Grover has presented proof through the Verified Complaint that it owned valid copyrights, (see Doc. 1 ¶¶ 22, 26, 27, 28-31), and that Defendants copied original elements of that copyright, (id. ¶¶ 43-44, 51-53). See Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 801 (4th Cir. 2001). In the Verified Complaint, Plaintiffs allege Defendants were operating at least three counterfeit, pirated, or hacked versions of Grover's Fusion 4 Copyrighted Work (at least one machine at each Defendant's location). (Doc. 1 ¶ 43.)

Plaintiff Grover is entitled to damages and both Plaintiffs are entitled to injunctive relief.

17 U.S.C. § 504 provides:

> (a) In General.--Except as otherwise provided by this title, an infringer of copyright is liable for either-
>
> > (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
> >
> > (2) statutory damages, as provided by subsection (c).

17 U.S.C. § 504(a). Plaintiff Grover seeks statutory damages only. (Doc. 16 at 15.)

As for statutory damages, 17 U.S.C. § 504(c) provides:

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time

> before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. . . .
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

17 U.S.C. § 504(c).

Grover seeks a total amount of statutory damages based upon a claim for $150,000.00 per violation for willful infringement, totaling $450,000.00. (Doc. 17 at 1.)

> Although the Copyright Act does not define willful infringement, other circuits have held that infringement is willful if the defendant "has knowledge," either actual or constructive, "that its actions constitute an infringement," Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1115 (2d Cir.1986), or recklessly disregards a copyright holder's rights, see N.A.S. Import Corp. v. Chenson Enterprises, 968 F.2d 250, 252 (2d Cir.1992); see also RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co., 845 F.2d 773, 779 (8th Cir.1988) (holding that a defendant does not act willfully within the meaning of the statute if he believes in good faith that his conduct is innocent).

Lyons P'ship, L.P., 243 F.3d at 799–800. Plaintiffs allege that around November 2023, they learned of Defendants' infringement, (Doc. 1 ¶ 43), and on December 1, 2023, sent Defendants a "Cease-and-Desist Letter," (id. ¶ 45). Following delivery of the

cease and desist letter, Defendants "failed to respond to Plaintiffs' demands" and "continue to utilize the unauthorized, pirated, and counterfeit machines." (Id. ¶ 46.)

Plaintiffs further allege, on information and belief, that Defendants purchased their versions of the Copyrighted Works on the secondary market as illicit games, which are sold for significantly less than Grover's genuine products. (Id. ¶¶ 47–53.) Many of these allegations are set forth on information and belief, which, standing alone, fail to establish that the representations are based on firsthand knowledge of the facts. See Causey v. Balog, 162 F.3d 795, 803 n.4 (4th Cir. 1998); Walker v. Tyler Cnty. Comm'n, 11 F. App'x 270, 274 (4th Cir. 2001). Although allegations based upon information and belief may be insufficient to support summary judgment, see id., "[u]pon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." Romenski, 845 F. Supp. 2d at 705. The factual allegations set forth on information and belief are admitted and therefore constitute well-pleaded facts which, when considered with the facts based upon first-hand knowledge, are sufficient to establish Defendants' knowledge that its actions constitute infringement of Grover's copyrights. This court finds

Defendants' actions are willful and Plaintiff is entitled to damages under 17 U.S.C. § 504(c)(2).

This court finds the maximum statutory damages, $150,000.00, per illicit game, for a total of $450,000.00, is appropriate here. As another court in this circuit has explained:

> An award of the maximum statutory damages is appropriate in this case. When a defendant's acts are "clearly willful," courts in this district have been willing to grant maximum statutory damages. In [Graduate Management Admission Council v.] Raju, the district court granted the maximum award for twenty-two separate copyright violations, for a total award of $3.3 million. 267 F. Supp. 2d [505,] 511-12 [(E.D. Va. 2003)]. The court there based its decision, in part, on the deterrent effect of statutory damages. Id. at 511. Other courts have also been willing to award the maximum amount of damages. See, e.g., Priority Payment Sys., LLC v. Intrend Software Solutions, No. 1:15-cv-04130-AT, 2016 WL 8809877, at *4 (N.D. Ga. Nov. 28, 2016) (awarding maximum statutory damages after finding that defendant infringed and misappropriated plaintiff's copyrighted software code). Therefore, in an effort to remedy Plaintiff's injury as well as deter future willful infringement, Plaintiff should be awarded the maximum statutory damages of $150,000 for each of the [three] infringements, for a total award of [$450,000].

Ez-XBRL Sols., Inc. v. Chapke, No. 1:17-cv-700 LMB/TCB, 2018 WL 5808724, at *9 (E.D. Va. Sept. 25, 2018), report and recommendation adopted, 2018 WL 5809406 (E.D. Va. Oct. 22, 2018).

Plaintiffs also seek injunctive relief, requesting an order that enjoins Defendants and their agents, employees, attorneys,

and all those in active concert or participation with them from continued use, publication, and display of the Copyrighted Works, from continued deceptive practices, including marketing or passing off the Illicit Games in interstate commerce, and from the sale of the Illicit Games. (Doc. 1 at 26; Doc. 15 at 1-2.) In order to

> obtain a permanent injunction in any type of case, including a patent or copyright case:
>
>> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). The Fourth Circuit further explained that

> [i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights. Damages at law will not remedy the continuing existence of Phelps & Associates' design in the Galloway house. Moreover, while the calculation of future damages and profits for each future sale might be possible, any such effort would entail a substantial amount of speculation and guesswork that renders the effort difficult or impossible in this case. Accordingly, we conclude that Phelps & Associates most likely has satisfied the first two eBay factors.

Id. at 544. Similarly here, Plaintiffs have satisfied the first two factors. Defendants have not responded to Plaintiffs' communications or legal complaint. Further, in light of the nature of Defendants' apparent ongoing use of Plaintiffs' Fusion 4 Copyrighted Work, Grover's exclusive ownership, and the similarity of the games, this court finds the third and fourth factors - the balance of hardships and the public interest – fall in favor of Plaintiffs. In addition to the protections of Plaintiffs' copyright, the public interest is best served by protection from unauthorized use of copyrighted material. A permanent injunction is thus appropriate.

Plaintiffs move for an award of costs, including attorney's fees, in the amount of $22,802.10. (Doc. 15 at 2; Doc. 16-2.) Attorney's fees and costs are properly awarded under 17 U.S.C. § 505, which provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

As the Fourth Circuit has explained:

> The proper calculation of an attorney's fee award involves a three-step process. First, the court must "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable

> rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir.2009). To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717–19 (5th Cir.1974). Id. at 243–44. Next, the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Id. at 244. Finally, the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id.

McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013) (footnote omitted). While "[t]he Supreme Court has indulged a 'strong presumption' that the lodestar number represents a reasonable attorney's fee[,]" the Johnson factors[1] influence the calculation and ultimate determination. See id. at 88-90. Counsel is expected to exercise "billing judgment," and district courts should exclude hours that are "excessive, redundant, or

---

[1] These factors are:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

McAfee v. Boczar, 738 F.3d 81, 88 n.5 (4th Cir. 2013) (citation omitted).

otherwise unnecessary[.]" See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). This court has reviewed the Declaration of Stephen M. Faraci, Sr., (Doc. 16-2), pursuant to the appropriate factors. This court finds the costs and requested attorney's fees reasonable and will award the amounts requested.

Plaintiffs also request "an award of pre-judgment interest from April 29, 2024, and post-judgment interest in the amount allowed by law." (Doc. 15 at 2.) As to pre-judgment interest, "the Copyright Act does not explicitly reference the availability of prejudgment interest." Gomez v. Midlo Floors LLC, No. 3:22CV746, 2024 WL 556650, at *12 (E.D. Va. Feb. 12, 2024). However, "as a general matter, prejudgment interest may be awarded at the district court's discretion unless the applicable statute provides otherwise." Georgia-Pac. Consumer Prods. LP v. von Drehle Corp., 781 F.3d 710, 722 (4th Cir. 2015), as amended (Apr. 15, 2015). Several district courts in this circuit have awarded pre-judgment interest on copyright claims, see, e.g., Gomez, 2024 WL 556650, at *13; Tattoo Art, Inc. v. TAT Int'l, LLC, 794 F. Supp. 2d 634, 663–64 (E.D. Va. 2011), aff'd, 498 F. App'x 341 (4th Cir. 2012), but at least one has declined to do so, see Philips Med. Sys., Nederland, B.V. v. TEC Holdings, Inc., No. 3:20-CV-21-MOC-DCK, 2023 WL 5493596, at *1–*2 (W.D.N.C. Aug. 24, 2023).

This court, having considered "fairness and Congressional intent," see Gomez, 2024 WL 556650, at *12, declines to award pre-judgment interest, because the court is awarding the maximum amount of statutory damages and Plaintiffs have not presented evidence of pecuniary loss or Defendants' pecuniary gain either before or after the filing.

Additionally, in exercise of its discretion under 28 U.S.C. § 1961, this court finds post-judgment interest appropriate in this case. See 28 U.S.C. § 1961.

Finally, Plaintiffs request an order

> directing Defendants, Fuel Smart 6 Inc., Fuel Smart 9 Inc., and Fuel Smart 13 Inc., to deliver up for destruction to Plaintiffs all products, advertisements, promotional materials, packaging, and other items in his possession or under his control bearing the Copyrighted Work, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, pursuant to 17 U.S.C. § 503(b)[.]

(Doc. 16 at 16.) Based upon the briefing submitted, this court will enter an order compelling Defendants to deliver for destruction to Plaintiffs "all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced." 17 U.S.C. § 503(b).

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Plaintiffs' Motion for Default Judgment, (Doc. 15), is **GRANTED**;

**IT IS FURTHER ORDERED** that the Defendant Fuel Smart 6 Inc. is liable to Plaintiffs in the amount of $150,000.00; Defendant Fuel Smart 9 Inc. is liable to Plaintiffs in the amount of $150,000.00; and Defendant Fuel Smart 13 Inc. is liable to Plaintiffs in the amount of $150,000.00, for a total damages award of $450,000.00.

**IT IS FURTHER ORDERED** that the Defendants Fuel Smart 6 Inc., Fuel Smart 9 Inc., and Fuel Smart 13 Inc. are liable, jointly and severally, to the Plaintiffs in the amount of $22,802.10 for Plaintiffs' Attorneys' Fees and Costs;

**IT IS FURTHER ORDERED** that judgment is hereby entered against Defendants, Fuel Smart 6 Inc., Fuel Smart 9 Inc., and Fuel Smart 13 Inc., in the amount of $450,000.00, and post-judgment interest in the amount allowed by law;

**IT IS FURTHER ORDERED** that judgment be entered against Defendants Fuel Smart 6 Inc., Fuel Smart 9 Inc., and Fuel Smart 13 Inc., in the amount of $22,802.10 for Plaintiffs' fees and costs;

**IT IS FURTHER ORDERED** that Defendants Fuel Smart 6 Inc., Fuel Smart 9 Inc., and Fuel Smart 13 Inc., and each of their officers, agents, employees, attorneys, and all those in active concert or participation, are hereby permanently enjoined from:

a. The continued use, publication, and display of the Copyrighted Works, as defined in the Complaint;

b. The continued deceptive practices, including marketing or passing off the Illicit Games, as defined in the Complaint, in interstate commerce; and

c. The sale of the Illicit Games;

**IT IS FURTHER ORDERED** that Defendants Fuel Smart 6 Inc., Fuel Smart 9 Inc., and Fuel Smart 13 Inc., and each of their agents, employees, attorneys, and all those in active concert or participation, are hereby directed to deliver up for destruction to Plaintiffs all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced pursuant to 17 U.S.C. § 503(b); and

**IT IS ORDERED** that this Court finds that there is no reason for delay and that the judgment entered herein is final.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for preliminary injunction, (Doc. 2), is **DENIED** as **MOOT.**

This the 12th day of May, 2025.

William L. Osteen, Jr.
United States District Judge